IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 26-cv-00297-PAB

ADRIAN VELASQUEZ GONZALEZ,

    Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility,
ROBERT HAGAN, in his official capacity as Field Office Director, Denver Field Office of U.S. Immigration and Customs Enforcement,
TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,
KRISTI NOEM, in her official capacity as Secretary of U.S. Department of Homeland Security, and
PAMELA BONDI, in her official capacity as Attorney General of the United States.

    Respondents.

---

# ORDER

---

This matter comes before the Court on petitioner Adrian Velasquez Gonzalez's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 8. Petitioner filed a reply. Docket No. 10.

## I. BACKGROUND[1]

Petitioner is a noncitizen who entered the United States in December 1997 without inspection or admission. Docket No. 1 at 6, 10, ¶¶ 24, 43. On December 9, 2025, Department of Homeland Security ("DHS") officers posed as customers in need of

---

[1] The following facts are taken from the petition. Docket No. 1. Respondents have not disputed any facts and do not provide any facts of their own. *See generally* Docket No. 8.

a tow truck and, when petitioner arrived to provide tow services, the officers arrested petitioner. *Id.* at 6-7, ¶¶ 26-27. DHS issued petitioner a Notice to Appear that charged him as "an alien present in the United States who has not been admitted or paroled" and placed him in removal proceedings pursuant to 8 U.S.C. § 1229a. *Id.* at 7, ¶ 28. DHS also issued a Form I-200, Warrant for Arrest of Alien, authorizing arrest under 8 U.S.C. § 1226(a). *Id.*, ¶ 29. Petitioner is being detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 1, ¶ 2. Petitioner has not been afforded a bond hearing. *Id.* at 8, ¶ 34.

On January 26, 2026, petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *Id.* Petitioner brings a claim for violation of the Immigration and Nationality Act ("INA"), alleging that respondents are not adhering to the requirements of 8 U.S.C. §§ 1225 and 1226 (Count One); and a claim for violation of substantive due process (Count Two). *Id.* at 14-15. Petitioner asks the Court to order respondents to provide petitioner a bond hearing pursuant to U.S.C. § 1226(a). *Id.* at 15.

## II. ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225. *Id.* at 9-12; Docket No. 8 at 1-2. Petitioner contends that his detention should be controlled by 8 U.S.C. § 1226(a) because § 1226(a) applies to the detention of noncitizens, like petitioner, "who entered the United States many years ago." Docket No. 1 at 10, ¶ 46. Because he believes that § 1226 applies, petitioner argues that respondents must provide him with a bond hearing. *See id.* at 12, ¶ 52. Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are "present in the United States without being admitted or paroled."

Docket No. 8 at 2.  Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention.  *Id.*

On six occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings.  *See Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989, at *2 (D. Colo. Feb. 4, 2026); *Armenta* v. *Noem*, No. 26-cv-00236-PAB, 2026 WL 274634, at *1-5 (D. Colo. Feb. 3, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2-5 (D. Colo. Jan. 26, 2026); *Garcia-Perez v. Guadian*, No. 25-cv-04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025).  Each time, the Court has ruled that the petitioner's detention is governed by § 1226.  *Id.*

Respondents acknowledge that the Court has previously analyzed this issue, conceding "the facts of this case are not materially distinguishable . . . for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)."  Docket No. 8 at 3.  Respondents state that they submit an abbreviated response "to conserve judicial and party resources and expedite this Court's consideration of this case, while preserving legal arguments and reserving all of Respondent's rights including the right to appeal."  *Id.* at 2.  Respondents note that a decision in this district rejecting respondents' position has been appealed to the Tenth Circuit.  *Id.* at 3 (citing *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025).  "Respondents acknowledge that until the Tenth

Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from the case for the purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id*. Respondents incorporate by reference the legal arguments that respondents presented in *Mendoza Gutierrez*, the case which was appealed to the Tenth Circuit.[2] *Id.*

The Court has analyzed the response that was submitted in *Mendoza Gutierrez*. *See Mendoza Gutierrez*, No. 25-cv-02720-RMR, Docket No. 26 (D. Colo. Sept. 16, 2025). Not finding any additional relevant arguments that the Court has not already addressed in its past orders on this issue, the Court will grant the habeas petition for the same reasons as it did in *Alfaro Orellana*, which respondents acknowledge does not materially differ from the present case. Docket No. 8 at 1-2. Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a). The Court will grant the habeas petition on Count One and order respondents to provide petitioner a bond hearing within seven days of the date of this order.[3]

### III. CONCLUSION

Therefore, it is

---

[2] Respondents specify that they do not consent to issuance of the writ. Docket No. 8 at 3.

[3] Because the Court will grant the habeas petition on the basis of Counts One, it will not reach Count Two, petitioner's due process claim. *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").

**ORDERED** petitioner Adrian Velasquez Gonzalez's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order. It is further

**ORDERED** that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED February 13, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge